IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIRLEY WALKER-KING,<br>　　　　Plaintiff,<br>vs.<br><br>WAGEWORKS, INC.,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No. 3:21-CV-01240-X-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant findings and applicable law, *Defendant's Motion to Dismiss for Want of Prosecution*, filed July 27, 2022 (doc. 27), should be **GRANTED**.

## I. BACKGROUND

On May 28, 2021, Shirley Walker-King (Plaintiff) filed this *pro se* employment discrimination lawsuit against her previous employer, WageWorks, Inc. (Defendant), alleging discrimination based on race, disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act of 1990 (ADA). (doc. 3. at 5.)[2] After Defendant filed its answer on August 31, 2021, the parties were ordered to submit their proposals for scheduling and discovery. (*See* docs. 7. 9.) Plaintiff failed to submit a proposed scheduling order, and on September 23, 2021, a scheduling order was issued without her input. (*See* docs. 11; 27-1 at 3.)

According to Defendant's evidence, on February 2, 2022, its counsel served discovery requests on Plaintiff by certified mail return receipt requested (CMRRR) at the address on her complaint, but the green card was returned unsigned. (docs. 27-1 at 2-3; 27-2.) She failed to respond. (doc. 27-1 at 3.) On March 15, 2022, counsel sent her a letter by CMRRR and email (at the email address shown on the docket) notifying her that her responses were overdue, informing her of her obligation to respond, and extending the response date until March 30, 2022, but she again failed to respond. (*See id*.; doc. 27-3.) On April 19, 2022,

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Defendant moved to compel Plaintiff to respond to its discovery requests and served the motion on her by CMRRR and email, but the green card was returned as unclaimed. (docs. 13; 27-1 at 4; 27-5.) By order dated April 20, 2022, an oral argument concerning the motion was scheduled for May 17, 2022. (doc. 14.) The order invited Plaintiff to file a written response to the motion, required both parties to confirm their attendance at the oral argument at least 2 days in advance, and warned that sanctions could be imposed for failure to comply. (*Id.*) Plaintiff did not file a response to the motions to compel or for an extension of the deadlines, confirm her attendance at the oral argument in advance, contact the courtroom deputy to advise that she would not be able to attend, request a continuance, or attend on May 17, 2022. (docs. 18; 19; 27-1 at 5.)  The motions to compel and for an extension were ultimately denied on that date. (doc. 19.)

On May 3, 2022, counsel sent Plaintiff a letter by CMRRR and email asking if she would agree to the extension of certain pending deadlines because her failure to participate in discovery had prejudiced Defendant's ability to meet deadlines. (docs. 27-1 at 4; 27-6.) A signed green card indicated her receipt of the letter, but she did not respond. (docs. 27-1 at 4; 27-7.)  Defendant moved for an extension of the pretrial deadlines on May 6, 2022, and it served the motion on Plaintiff by CMRRR.  (docs. 15; 27-1 at 4-5; 27-7.) On May 18, 2022, counsel sent Plaintiff another letter about the discovery requests by CMRRR and email, but she did not respond despite having represented during a previous phone call that she would. (docs. 27-1 at 5–6; 27-9.) Counsel obtained confirmation that the letter was delivered, although no green card was received, as well as confirmation that she had received the email.  (docs. 27-1 at 5-6; 27-10.) Plaintiff subsequently failed to respond to numerous attempts at communication by Defendant's counsel. (docs. 27-1 at 5-7; 27-11.)

On May 25, 2022, Defendant moved for reconsideration of the denial of its motion to compel. (doc. 20.) The next day, the motion was set for oral argument on June 2, 2022. (doc. 21.) Plaintiff was expressly ordered to attend the oral argument and confirm her attendance at least 2 days in advance, and she was warned that sanctions would be imposed if she failed to comply. (*Id.*) She did not confirm her attendance, contact the courtroom deputy, ask for a continuance, or attend the oral argument. (docs. 23, 24.)  The motion

for reconsideration was denied, but an amended scheduling order was entered that extended the pretrial deadlines. (docs. 24, 25.)

On May 26, 2022, Plaintiff inadvertently called Defendant's counsel but hung up after the phone rang once. (doc.27-1 at 7.) Defendant's counsel immediately called her back and asked if she had received any of their recent communications. (*Id.*) She asked the identity of the caller and then hung up. (*Id.*) On June 3, 2022, counsel again served Plaintiff with the original discovery requests, along with requests for admissions, by CMRRR and email; receipt of both was confirmed. (docs. 27-1 at 8; 27-14.) During a telephone call, Plaintiff indicated she would respond to the discovery and provide deposition dates, but she did not. (doc. 27-1 at 8, 10.) On July 6, 2022, counsel sent her a letter reminding her that the responses to previous discovery requests were overdue and requesting that she respond by July 12, 2022. (docs. 27-1 at 8–9; 27-15.) That day, counsel also spoke to Plaintiff on the phone about her overdue discovery responses. (doc. 27-1 at 9.) She stated that she needed to end the call but would call back in about forty-five minutes, but she did not call back or otherwise communicate with counsel after that call. (*Id.*) On July 15, 2022, Defendant's counsel sent Plaintiff another letter reminding her that her responses to the latest discovery requests were overdue. (docs. 27-1 at 9–10; 27-16.) This letter also informed her that Defendant would move to dismiss this lawsuit for want of prosecution if she did not provide the responses and dates for her deposition by July 22, 2022. (doc. 27-1 at 10.) Counsel also called her and left a voicemail informing her of the letter's contents. (*Id.*) Plaintiff did not respond to the letter or phone call. (*Id.*)

On October 21, 2022, Defendant again moved to extend the pretrial deadlines in the scheduling order based on Plaintiff's failure to cooperate in discovery, and the motion was granted. (docs. 31, 33.)

## II. INVOLUNTARY DISMISSAL

Defendant moves to dismiss this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. (*See* doc. 27 at 7, 11-12.)

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states

      otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). "This authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962)).

      It is well-established that in the Fifth Circuit, dismissals with prejudice under Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.*[3] Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff [themselves] and not [their] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir.2006).

      A clear record of delay and contumacious conduct required to support this type of dismissal "must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987)); *see also Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976) (citing *Murrah v. Fire Ins. Exchange*, 480 F.2d 613 (5th Cir. 1973) (delay of 15 months) and *Salmon v. City of Stuart*, 194 F.2d 1004 (5th Cir. 1952) (no action taken for 15 months)). The United States Court of Appeals for the Fifth Circuit has recently noted that its decisions "'affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays.'" *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir.

---

[3] Although dismissal under Rule 41(b) is typically without prejudice, even a dismissal without prejudice in this case will operate in the same manner as a dismissal with prejudice because Plaintiff would be barred by the applicable statutes of limitations from bringing her federal employment discrimination claims again. *See id.* at 1191 (finding that because a Rule 41(b) dismissal without prejudice of an employment discrimination suit did not toll the 90–day limitations period for filing suit, and the plaintiff would be barred by limitations from filing a second suit, the dismissal operated and would be treated as a dismissal with prejudice); *see also Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir.1985) (noting that dismissal without prejudice would be futile because limitations period had already run, and that a "dismissal with prejudice was actually the 'lesser sanction' because the defendant's costs were not adjudged against plaintiff").

2021) (quoting *Rogers v. Kroger*, 669 F.2d 317, 320-21 (5th Cir. 1982) (collecting cases involving multi-year delays)). Here, Plaintiff has filed nothing in this case since her original complaint sixteen months ago. Defendant has presented evidence showing that she has failed to cooperate in discovery despite making promises to respond in substance, she has failed to respond to multiple communications or call back as promised, and she has hung up the telephone during calls. (docs. 13; 27-1 at 3–10; 27-3; 27-7; 27-11.) She has failed to comply with court orders to submit a scheduling proposal, confirm her attendance at oral arguments, and to appear for scheduled oral arguments on discovery motions despite warnings that failure to do so could result in the imposition of sanctions. (docs. 14; 18; 21; 23; 27-1 at 5.) This represents contumacious conduct in addition to a "significant period[] of inactivity". *McNeal*, 842 F.2d at 791 (5th Cir. 1988).

In addition, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). As noted, Plaintiff has been explicitly warned that sanctions could be imposed on a party that failed to comply with the orders to confirm attendance and appear at hearing, but still failed to comply. (docs. 14; 18; 21; 23.) There is no basis for a finding that additional warnings or orders to pay attorneys' fees or a fine would likely be effective in prompting her participation in this lawsuit. Because Plaintiff has provided no discovery, the suggestion in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. 2014), of exclusion of evidence or witnesses not disclosed would likely also not be effective. Given her complete failure to properly participate in this lawsuit to date, a conditional dismissal such as that suggested in *McNeal*, 842 F.2d at 793, would not appear to prompt action. Moreover, the fourteen-day period for objection to the recommendation of dismissal will afford the same opportunity to avoid dismissal as a conditional dismissal. *Boyd v. Dallas Area Rapid Transit*, No. 3:18-CV-1326-L, 2020 WL 8371190, at *3 (N.D. Tex. Dec. 28, 2020), *rec. accepted*, 2021 WL 321907 (N.D. Tex. Jan. 30, 2021). Accordingly, lesser sanctions would be futile. *See Woods v. Soc. Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (upholding a dismissal with prejudice and finding lesser sanctions would be futile where the

plaintiff failed to comply with court orders despite a warning that failure may result in dismissal of their case).

Finally, at least two of the aggravating factors can be found in this case. First, the delay has been caused by Plaintiff, who is proceeding *pro se*; her conduct cannot be attributed to anyone else. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. June 14, 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). Second, Plaintiff's failure to cooperate in discovery has hampered Defendant's ability to defend this case, which constitutes prejudice. *See Paskauskiene*, 527 F. App'x at 334 (finding that the defendant faced substantial prejudice in defending itself in the litigation without the ability to take the plaintiff's deposition). It has also required the extension of pretrial deadlines. (doc. 13.)

In conclusion, Plaintiff has chosen not to cooperate in discovery or in this lawsuit. Dismissal with prejudice under Rule 41(b) is therefore appropriate. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412–13 (5th Cir. 2006) (affirming dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case pro se up to that point); *Wright v. Robinson*, 113 F. App'x 12, 15–16 (5th Cir. 2004) (upholding a dismissal with prejudice where a plaintiff failed to cooperate in the discovery process).

### IV. RECOMMENDATION

The defendant's motion to dismiss should be granted, and this case should be dismissed with prejudice under FED. R. CIV. P. 41(b) for failure to prosecute.

**SO RECOMMENDED** on this 10th day of November, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE