UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIRLEY WALKER-KING, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:21-CV-1240-X-BH |
| | § | |
| WAGEWORKS, INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 36]. Plaintiff Shirley Walker-King brought employment discrimination claims against her previous employer, WageWorks, Inc. ("WageWorks"). But Walker-King failed to submit a proposed scheduling order, respond to discovery requests (despite a deadline extension), or respond to WageWorks' motion to compel discovery. When the Magistrate Judge ordered an in-person oral argument concerning the motion to compel, Walker-King did not respond, move to continue the hearing, or attend the hearing. After that, Walker-King continuously ignored WageWorks' attempts at communication. She then failed to respond, move to continue, or attend a mandatory, in-person hearing on WageWorks' motion for reconsideration of its motion to compel discovery. Though Walker-King and WageWorks communicated sparsely after that, the conversations

1

consisted only of WageWorks reminding Walker-King of impending or missed deadlines, and Walker-King either promising to respond and failing to do so or simply ignoring WageWorks altogether.

WageWorks now moves to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(b),[1] and the Magistrate Judge recommended the Court grant the motion.  At the time the Magistrate Judge issued her findings, conclusions, and recommendation, Walker-King had filed nothing in this case since her original complaint sixteen months prior, had failed to respond or cooperate in discovery, and had repeatedly failed to comply with direct court orders.  This conduct, the Magistrate Judge concluded, was "contumacious" and represented "a significant period[] of total inactivity," and "lesser sanctions would not serve the best interests of justice."[2]  With no basis to find that additional warnings, fines, or penalties would prompt Walker-King to participate in the lawsuit, the Magistrate Judge recommended dismissal and reasoned that "the fourteen-day period for objection to the recommendation [] w[ould] afford the same opportunity to avoid dismissal as a conditional dismissal."[3]

Five days after the Magistrate Judge filed her findings, conclusions, and recommendation, Walker-King appeared for the first time since filing her original

---

[1] Doc. No. 27 at 7 ("Rule 41(b) of the Federal Rules of Civil Procedure provides defendants with a mechanism to move for dismissal of an action 'as an adjudication on the merits' when a plaintiff fails to either prosecute the action or comply with the Rules or a court order." (citing FED. R. CIV. PROC. 41(b)).

[2] Doc. No. 36 at 4–5 (citing *Berry v. CIGNA/RIS-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (cleaned up); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (cleaned up)).

[3] Doc. No. 36 at 5.

complaint—but she did not object to the recommendation. Instead, Walker-King filed an untimely response to WageWorks' motion to dismiss.[4] She then provided a few unsigned, incomplete, and untimely discovery responses. And when the Magistrate Judge ordered additional briefing on WageWorks' motion to dismiss in light of Walker-King's appearance, Walker-King failed to respond.

The Court agrees with the Magistrate Judge that Walker-King's conduct up to the time the Magistrate Judge filed her recommendation warrants dismissal under Rule 41(b). And the Court further finds that Walker-King's conduct since the Magistrate Judge filed her recommendation does not affect the conclusion that dismissal is warranted. Walker-King's untimely response to WageWorks' motion to dismiss offers nothing to refute WageWorks' contention that she failed to prosecute her lawsuit. She requested "a continuance to retain an attorney," claiming a constitutional "right to have an attorney of law for legal representation," but cites no basis, in the Constitution or elsewhere, for such a right.[5] Walker-King has failed to cure—or even address—the deficiencies WageWorks identified in its briefing, and she again failed to respond to WageWorks' supplemental brief as ordered. And Walker-King failed to timely object to the Magistrate Judge's recommendation or raise any arguments against the Magistrate Judge's conclusions.

The District Court reviewed the Magistrate Judge's proposed findings, conclusions, and recommendations for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States

---

[4] Doc. No. 37.

[5] *Id.* at 1.

Magistrate Judge. [Doc. No. 36]. The Court **DISMISSES WITH PREJUDICE** Walker-King's claims against WageWorks.[6]

    **IT IS SO ORDERED,** this 14th day of March, 2023.

                                               _____
                                               BRANTLEY STARR
                                               UNITED STATES DISTRICT JUDGE

---

[6] Dismissal under Rule 41(b) is typically without prejudice, but "[w]here further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice." *Berry*, 975 F.2d at 1191 (cleaned up) (treating a Rule 41(b) dismissal without prejudice as a dismissal with prejudice because dismissal without prejudice of an employment discrimination suit did not toll the 90-day limitations period for filing suit, and limitations would bar the plaintiff from filing a second suit). And the Court notes that "dismissal with prejudice [is] actually the 'lesser sanction' because [WageWorks'] costs [will not be] adjudged against" Walker-King. *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985) (noting that dismissal without prejudice would be futile where limitations period had already run).